UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ELLEN ZWEIFACH,

           Plaintiff,

-against-

67TH ROAD HOUSING CORPORATION and MARK GREENBERG REAL ESTATE CO., INC.,

           Defendants.

No.: 13 Civ. 3229 (BMC)

## STIPULATION OF SETTLEMENT

**WHEREAS,** Plaintiff, Ellen Zweifach ("Plaintiff") is a tenant-shareholder in Defendant, 67th Road Housing Corporation (the "Co-op"), which owns the building located at 99-21 67th Road, Forest Hills, New York (the "Building") and operates the same as a cooperative corporation; and

**WHEREAS,** pursuant to that certain proprietary lease between Plaintiff as tenant-shareholder and the Co-op, Plaintiff is entitled to occupy and use the premises known as Apartment 8J in the subject Building;

**WHEREAS,** Mark Greenberg Real Estate Co., Inc. ("MGRE", and with the Co-op, the "Defendants") is the managing agent of the Building; and

**WHEREAS,** by a letter dated February 26, 2012, Plaintiff requested that Defendants install automatic doors in the front entrance of the Building to accommodate Plaintiff's chronic progressive multiple sclerosis; and

**WHEREAS,** Defendants did not respond to the February 26, 2012 letter; and

**WHEREAS,** Plaintiff commenced a proceeding before the New York City Commission on Human Rights ("NYCCHR") in or around August 2012 for housing discrimination based on Defendants' failure to install automatic doors; and

**WHEREAS,** Plaintiff withdrew the NYCCHR proceeding for administrative convenience in or around February 2013; and

**WHEREAS,** Defendants caused Plaintiff to be served with a Notice to Cure, dated April 3, 2013 (the "Notice to Cure"), alleging that Plaintiff was in default of her proprietary lease, and threatening, among other things, that if Plaintiff did not cure the alleged defaults, then Defendants would enter Plaintiff's apartment without her consent and commence a "clean out" of her possessions; and

**WHEREAS,** Plaintiff commenced this action in the United States District Court for the Eastern District of New York on June 5, 2013, seeking declaratory and injunctive relief as well as money damages, and alleging causes of action for housing discrimination, disability discrimination, retaliatory eviction, and illegal eviction; and

**WHEREAS,** during the course of the litigation, Plaintiff came to learn that Defendants had entered her apartment without her knowledge or consent and took photographs of the apartment; and

**WHEREAS,** the Defendants notified Plaintiff in or around October 2013 that she must install air conditioning brackets, and Defendants have stated that they require an inspection of her apartment to confirm that such installation has been performed; and

**WHEREAS,** the parties now wish to settle their disputes without further litigation; and

**WHEREAS,** the parties agree that the continuing jurisdiction of this Court is essential for the effective enforcement of the terms of this Stipulation of Settlement;

2

**NOW, THEREFORE,** in consideration of the mutual promises set forth between the parties below and on the basis of good and other valuable consideration, the reciprocal receipt of which is hereby acknowledged, the parties agree as follows:

1. <u>Ratification Of Prior Agreements</u>. Subject to the terms and conditions set forth below, and except as expressly provided herein, the parties hereby ratify their prior written agreements, including but not limited to the proprietary lease, offering plan, house rules, any amendments to same and any other stipulations in prior legal proceedings between the parties.

2. <u>Plaintiff's Promises And Covenants</u>. Subject to the terms and conditions set forth below, and Defendants' performance under this Stipulation of Settlement, Plaintiff hereby agrees as follows:

    a. Plaintiff shall install brackets for her air conditioning units by a licensed and insured installation contractor in accordance with all applicable rules and regulations, or alternatively, shall remove the air conditioning units altogether, in the latter case of which she will not be obligated to provide any further proof of compliance. The parties agree that the October 2013 notice regarding air conditioning brackets, and the deadline contained therein of October 28, 2013 for compliance therewith, is hereby deemed null and void. The parties further agree that, for purposes of satisfying her obligations under this Paragraph "2(a)", Plaintiff may use interior air conditioning brackets and may document the same with photographs taken by her.

    b. Plaintiff generally shall cooperate with Defendants in the operation of the Building.

  c. By signing this agreement, Plaintiff is releasing Defendants from any and all claims she has or may have against them, as fully set forth in Paragraph "7" hereto, except as expressly provided herein.

3. <u>Defendants' Promises And Covenants</u>. Subject to the terms and conditions set forth below, and Plaintiff's performance under this Stipulation of Settlement, Defendants hereby agree as follows:

  a. Defendants hereby withdraw the Notice to Cure.

  b. Defendants shall install, at their cost, the automatic doors in the front entrance of the Building, and shall do so as quickly as is practicable.

  c. Defendants agree to engage in good-faith discussions with Plaintiff with respect to any future requests for disability accommodations, as fully set forth in Paragraph "4" below, and to provide reasonable accommodations thereof.

  d. Defendants shall pay Plaintiff $100,000.00 within seven (7) days, made payable to "Harwood Reiff LLC", and sent to 370 Lexington Avenue, Suite 505, New York, New York 10017, Attn: Simon W. Reiff.

  e. By signing this agreement, Defendants are releasing Plaintiff from any and all claims they have or may have against Plaintiff, as fully set forth in Paragraph "8" hereto, except as expressly provided herein.

4. <u>Good-Faith Communications</u>. The parties shall endeavor to engage in good-faith communications to resolve their disputes in the future. Among other things, with respect to any request made by Plaintiff in writing for a disability accommodation, Defendants shall do each of the following:

    a. Respond in writing within ten (10) calendar days of receipt of such communication, acknowledging receipt thereof;

    b. Within thirty (30) days of the request, meet with Plaintiff, either in person or by telephone, to discuss the request, and so that Defendants can understand what specific accommodation is being sought; and

    c. Within forty-five (45) days of the request, respond in writing whether Defendants intend to provide the accommodation sought, and if not, stating the specific reasons why such accommodation will not be provided, or in situations where 45 days is inadequate time to provide such response, notifying Plaintiff within such time with an update and status report regarding her request.

5. <u>Plaintiff's Default</u>.

    a. In the event that Plaintiff defaults under the terms of this Stipulation of Settlement, then Defendants shall serve a fourteen (14) day notice to cure such default upon Plaintiff, following the expiration of which without remedy Defendants may file a motion for contempt to seek enforcement of this Stipulation of Settlement.

    b. In the event that Defendants are required to file a contempt motion to enforce the terms of this Stipulation of Settlement, they may seek to recover their reasonable attorney's fees and costs in connection therewith.

6. <u>Defendants' Default</u>.

    a. In the event that Defendants default under the terms of this Stipulation of Settlement, then Plaintiff shall serve a fourteen (14) day notice to cure such

default upon Defendants, following the expiration of which without remedy Plaintiff may file a motion for contempt to seek enforcement of this Stipulation of Settlement.

b. In the event that Plaintiff is required to file a contempt motion to enforce the terms of this Stipulation of Settlement, she may seek to recover her reasonable attorney's fees and costs in connection therewith.

7. <u>Plaintiff's Releases</u>. Plaintiff, Ellen Zweifach, hereby releases and forever discharges Defendants 67th Road Housing Corp. and Mark Greenberg Real Estate Co., Inc. and their heirs, executors, administrators, agents, employees, attorneys and insurers, successors, predecessors, affiliates, and assigns, from any and all claims, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, and demands whatsoever, in law or in equity, that Plaintiff (or her heirs, executors, administrators, agents, employees, successors, predecessors, affiliates, and assigns) ever had, now have, or shall or may have, for any reason whatsoever, from the beginning of time through the date of this Stipulation of Settlement, including but not limited to any claims alleged or that could have been alleged in this action; it being agreed, however, that this provision shall in no way prohibit Plaintiff from enforcing any term of this Stipulation of Settlement.

8. <u>Defendants' Releases</u>. Defendants, 67th Road Housing Corp. and Mark Greenberg Real Estate Co., Inc., hereby release and forever discharge Plaintiff, Ellen Zweifach, and her attorneys, heirs, executors, administrators, agents, employees, successors, predecessors, affiliates, and assigns, from any and all claims, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, covenants, contracts, controversies, agreements,

promises, variances, trespasses, damages, judgments, executions, and demands whatsoever, in law or in equity, that Defendants (or their heirs, executors, administrators, agents, employees, successors, predecessors, affiliates, and assigns) ever had, now have, or shall or may have, for any reason whatsoever, from the beginning of time through the date of this Stipulation of Settlement, including but not limited to any claims alleged or that could have been alleged in this action; it being agreed, however, that this provision shall in no way prohibit Defendants from enforcing any term of this Stipulation of Settlement.

9.  Notices.  Notices made pursuant to this Stipulation of Settlement shall be in writing and shall be deemed given on the day sent.  Such notices shall be given by any reputable overnight mail courier (i.e., Federal Express, UPS, etc.), postage prepaid, to the parties at the following addresses, which a party may modify by giving notice in accordance with this Paragraph:To Plaintiff:

> Ellen Zweifach
> 99-21 67th Road, Apt. 8J
> Forest Hills, New York  11375
>
> -with a copy to-
>
> Harwood Reiff LLC
> 370 Lexington Avenue, Suite 505
> New York, New York  10017
> Attn: Simon W. Reiff

a.  To Defendant, 67th Road Housing Corp.:

> 67th Road Housing Corp.
> c/o Samson Fink and Dubow, LLP
> 10 E 40th Street, New York, NY 10016

b.  To Defendant, Mark Greenberg Real Estate Co., Inc.:
> Mark Greenberg Real Estate Co., Inc.
> 1981 Marcus Avenue, Suite C131
> Lake Success, New York  11042

10. <u>Other Writings</u>. The parties agree to execute any other writings and/or documents reasonably necessary to effectuate the terms of this Stipulation of Settlement.

11. <u>No Waiver Or Modification</u>. Any party's acceptance of partial performance hereunder by any other party of any of the terms or conditions of this Stipulation of Settlement shall not constitute an agreement, express or otherwise, to modify, change, or amend this Stipulation of Settlement, or constitute a waiver of or estoppel against the accepting party's right to insist upon any other party's full and timely performance of all the terms and conditions of this Stipulation of Settlement.

12. <u>Entire Agreement; Merger; Amendments</u>. This Stipulation of Settlement constitutes the complete agreement and understanding of the parties, and supersedes any prior stipulations, agreements, or understandings of the parties, whether oral or written, except as expressly provided herein. This Stipulation of Settlement may be amended only in a writing signed by the party against whom enforcement of such amendment is sought.

13. <u>No Representations</u>. Each party acknowledges that none of the other parties, nor such parties' representatives, has made any representations or promises to such party concerning the terms and conditions of this Stipulation of Settlement, other than those expressly set forth in this Stipulation of Settlement.

14. <u>Agreement Binding</u>. The parties, each of whom is represented by counsel, agree and acknowledge that they are fully authorized to enter into this Stipulation of Settlement. The parties hereby each represent and warrant that their respective representatives identified below are fully authorized to execute this Stipulation of Settlement. Each of the parties represents and warrants that they have willingly entered into this Stipulation of Settlement and have executed it without duress or coercion, and have done so with the full advice of counsel. This Stipulation of

Settlement is binding upon, and shall inure to the benefit of, the parties and their respective heirs, executors, administrators, successors, affiliates, and assigns.

15. <u>No Presumption</u>. The terms of this Stipulation of Settlement are the product of negotiations between the parties through their respective counsel, and shall be construed without regard to any presumption or other rule requiring construction against the party causing this Stipulation of Settlement to be drafted. The section headings in this Stipulation of Settlement are for convenience of reference only, and shall neither constitute a part of this Stipulation of Settlement nor affect its interpretation.

16. <u>Confidentiality.</u> The parties agree that all meetings; all communications among the parties and their counsel, attendees, witnesses and the mediator; all documents, writings, statements, information, settlement proposals and agreements; and all other materials prepared for the purposes of mediation, negotiation and settlement shall be confidential and protected from disclosure, directly or indirectly, from any third party without limitation to the full extent permissible under the Civil Procedure Laws and Rules of the State of New York and federal rules; it being agreed, however, that nothing herein shall prevent the parties from submitting this stipulation of settlement to be "So Ordered" by the Court. The Parties understand and agree that this clause is a material provision of this Stipulation of Settlement and that any breach of this confidentiality clause shall be a material breach of this Stipulation, and that each party would be irreparably harmed by a violation of this provision.

17. <u>Continuing Jurisdiction</u>. The parties agree that the effective enforcement of this Stipulation of Settlement cannot be accomplished without this Court retaining continuing jurisdiction over this Stipulation of Settlement, and accordingly, any application for contempt or interpretation of the terms of this Stipulation of Settlement shall be brought in the United States

District Court for the Eastern District of New York, before the Hon. Brian M. Cogan, U.S.D.J., which Court shall retain jurisdiction to enforce the terms hereof.

18. <u>Counterparts</u>. This Stipulation of Settlement may be executed in counterparts, each of which shall constitute an original, but all of which taken together shall constitute one and the same document. A facsimile or PDF copy thereof shall constitute an original for all purposes.

*[Signature Page Follows]*

**IN WITNESS WHEREOF,** the parties hereto have executed this Stipulation of Settlement as of the date hereof.

Dated: New York, New York
October 31, 2013

HARWOOD REIFF LLC

By: _____
Simon W. Reiff
370 Lexington Avenue, Suite 505
New York, New York  10017
(212) 661-0750
sreiff@harwoodreiff.com

*Attorneys for Plaintiff*

LAW OFFICES OF CHARLES J. SIEGEL

By: _____
Jack Cohen, Esq.
125 Broad Street, 7th Floor
New York, New York  10004
(212) 440-2335
jack.cohen@cna.com

*Attorneys for Defendants*

_____
ELLEN ZWEIFACH, Plaintiff

**SO ORDERED:** 10/31/13

Digitally signed by Brian M. Cogan
_____
HON. BRIAN M. COGAN, U.S.D.J.

11

IN WITNESS WHEREOF, the parties hereto have executed this Stipulation of Settlement as of the date hereof.

Dated:  New York, New York
October 31, 2013

HARWOOD REIFF LLC

By: _____(LAR)_____
Simon W. Reiff
370 Lexington Avenue, Suite 505
New York, New York 10017
(212) 661-0750
sreiff@harwoodreiff.com

*Attorneys for Plaintiff*

LAW OFFICES OF CHARLES J. SIEGEL

By: _____
Jack Cohen, Esq.
125 Broad Street, 7th Floor
New York, New York 10004
(212) 440-2335
jack.cohen@cna.com

*Attorneys for Defendants*

_____
ELLEN ZWEIFACH, Plaintiff

**SO ORDERED:**

_____
HON. BRIAN M. COGAN, U.S.D.J.

11